IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 27, 2004

## DERRICK BRYANT v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Hamblen County**
**No. 03CR063      James E. Beckner, Judge**

_____

**No. E2003-02911-CCA-R3-PC - Filed September 8, 2004**

_____

The Defendant, Derrick Bryant, was convicted by a jury of first degree premeditated murder. His conviction was affirmed on direct appeal. See State v. Derrick Bryant, No. E2000-01835-CCA-MR3-CD, 2001 WL 1187916 (Tenn. Crim. App., Knoxville, Oct. 9, 2001). In this post-conviction proceeding, the Defendant alleges that he received ineffective assistance of counsel. After a hearing, the trial court denied relief. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

Mitzi Sweet, Morristown, Tennessee, for the appellant, James E. Beckner.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; C. Berkeley Bell, District Attorney General; and Victor Vaughn, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant shot his sleeping father in the back of the head, killing him. The Defendant was sixteen years old at the time. After a transfer hearing in juvenile court, the Defendant was tried as an adult, convicted of first degree premeditated murder, and sentenced to life imprisonment. The Defendant now contends that his lawyers were ineffective in failing to obtain a forensic evaluation for the purpose of the transfer hearing, and for the purpose of the subsequent trial.

Both the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Tennessee Constitution guarantee a criminal defendant the right to representation by counsel. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Both the United States Supreme Court and the Tennessee Supreme Court have recognized that the

right to such representation includes the right to "reasonably effective" assistance, that is, within the range of competence demanded of attorneys in criminal cases. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Burns, 6 S.W.3d at 461; Baxter, 523 S.W.2d at 936.

A lawyer's assistance to his or her client is ineffective if the lawyer's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. This overall standard is comprised of two components: deficient performance by the defendant's lawyer, and actual prejudice to the defense caused by the deficient performance. See id. at 687; Burns, 6 S.W.3d at 461. The defendant bears the burden of establishing both of these components by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f); Burns, 6 S.W.3d at 461. The defendant's failure to prove either deficiency or prejudice is a sufficient basis upon which to deny relief on an ineffective assistance of counsel claim. See Burns, 6 S.W.3d at 461; Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).

In evaluating a lawyer's performance, the reviewing court uses an objective standard of "reasonableness." See Strickland, 466 U.S. at 688; Burns, 6 S.W.3d at 462. The reviewing court must be highly deferential to counsel's choices "and should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Burns, 6 S.W.3d at 462; see also Strickland, 466 U.S. at 689. The court should not use the benefit of hindsight to second-guess trial strategy or to criticize counsel's tactics, see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982), and counsel's alleged errors should be judged in light of all the facts and circumstances as of the time they were made, see Strickland, 466 U.S. at 690; Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

A trial court's determination of an ineffective assistance of counsel claim presents a mixed question of law and fact on appeal. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). This Court reviews the trial court's findings of fact with regard to the effectiveness of counsel under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise. See id. "However, a trial court's conclusions of law--such as whether counsel's performance was deficient or whether that deficiency was prejudicial--are reviewed under a purely de novo standard, with no presumption of correctness given to the trial court's conclusions." Id.

At the time of his transfer hearing in April 1998, the Defendant was subject to being transferred from juvenile court to circuit court to be tried as an adult if, among other things, the juvenile court determined that there were reasonable grounds to believe that: (a) he committed the delinquent act as alleged; (b) he was not committable to an institution for the mentally retarded or mentally ill; and (c) the interests of the community required that he be put under legal restraint or discipline. See Tenn. Code Ann. § 37-1-134(a)(4) (Supp. 1998). In making this determination, the juvenile court was to consider, among other things, (a) the extent and nature of the Defendant's prior delinquency records; (b) the nature of past treatment efforts and the nature of his response thereto; (c) whether the offense was against a person or against property, with greater weight in favor of transfer given to offenses against a person; (d) whether the offense was committed in an aggressive

and premeditated manner; and (e) the possible rehabilitation of the Defendant by use of procedures, services and facilities currently available to the court in this state. See id. § 37-1-134(b). The Defendant now asserts that his lawyers failed to investigate adequately his mental health history and further failed to obtain and put on sufficient expert proof and testimony to cause the juvenile court to retain jurisdiction and deny the State's motion to transfer the Defendant to circuit court.

The Defendant offered no expert proof at the post-conviction hearing that establishes that he was committable to an institution for the mentally retarded or mentally ill; that the nature of past treatment efforts and his response thereto weighed in favor of retention; or that his potential for rehabilitation was such that retention should have been ordered. In other words, the Defendant has offered no proof in this proceeding that, through additional diligence, his lawyers could have convinced the juvenile court to retain jurisdiction and deny the State's motion to transfer the Defendant to be tried as an adult. Accordingly, the Defendant has failed to prove prejudice in this regard and his claim of ineffective assistance of counsel on this ground was therefore properly denied by the trial court. This issue is without merit.

The Defendant also contends that his lawyers were ineffective in failing to obtain a forensic evaluation for purposes of his trial, thereby undercutting his defense theories of "battered child syndrome," self-defense, and "diminished capacity."[1] Again, the Defendant's contention fails for lack of proof. The Defendant presented the post-conviction trial court with absolutely no expert testimony to establish that a forensic evaluation would have benefitted him at trial. To the contrary, the Defendant's trial lawyer testified that he spoke with several mental health professionals, none of whom offered helpful advice. The one evaluation performed upon the Defendant at defense counsel's insistence was conducted by Dr. Leonard M. Miller prior to the transfer hearing in order to determine whether the Defendant was competent to stand trial and whether he could assist in his own defense. The Defendant's lawyer testified that Dr. Miller's evaluation was not helpful to the defense. The Defendant has put on no expert proof to the contrary. Accordingly, the trial court did not err in refusing to grant the Defendant relief on this basis.

In short, the Defendant has simply failed to prove his allegations that he was prejudiced by his lawyers' representation of him. In a post-conviction proceeding, "[t]he petitioner shall have the burden of proving the allegations of fact by clear and convincing evidence." Tenn. Code Ann. § 40-30-110(f). The Defendant having failed to carry his burden of proof, we affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE

---

[1]The term "diminished capacity" does not actually refer to a defense, but is rather a claim advanced by a criminal defendant through expert testimony that he or she did not posses the requisite culpable mental state to be guilty of the crime charged. See State v. Hall, 958 S.W.2d 679, 688-89 (Tenn. 1997); State v. Phipps, 883 S.W.2d 138, 143 (Tenn. Crim. App. 1994).